# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| CHARLES CAVER,<br><br>    Petitioner,<br><br>v.<br><br>PHILIPE MARTINEZ, JR.,<br><br>    Respondent. | CV 19-00525 TJH<br>EDCR 96-00008-RT<br><br><br>Order |

    The Court has considered Petitioner Charles Caver's petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, motion for summary judgment, and motion "requesting the District Court to grant the *habeas corpus* petitioner," together with the moving and opposing papers.

    On May 28, 1996, the Government indicted Caver for: (1) One count of conspiring to commit armed bank robbery with forced accompaniment, in violation of 18 U.S.C. § 371; (2) One count of armed bank robbery with forced accompaniment, in violation of 18 U.S.C. §§ 2113(a), (d), and (3); and (3) One count of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). On June 27, 1996, following a jury trial presided over by District Judge Robert Timlin, Caver was convicted of all three counts.

On April 3, 1997, Judge Timlin found that Caver was a career offender, because he had sustained prior state convictions for a crime of violence and a controlled substance offense, and sentenced him to 360 months. On June 1, 1999, the Ninth Circuit affirmed Caver's conviction and sentence. *United States v. Caver*, 182 F.3d 928 (9th Cir. 1999). On December 18, 2000, Caver's first motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, was denied. From 2005 to 2014, Caver filed four successive § 2255 motions.

Caver, now, petitions for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, arguing that he is actually innocent of his career offender status and his § 924(c) conviction, and that double jeopardy invalidates his conspiracy and armed bank robbery convictions.

A § 2255 petition challenges the legality of a sentence, while a § 2241 challenges the manner or execution of a sentence. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Here, the arguments set forth by Caver actually challenged the legality of his sentence. *See Harrison*, 519 F.3d at 956. Accordingly, his, current, petition must be characterized as a § 2255 motion. *See Hernandez v. Campbell*, 204 F.3d 864, 865 (9th Cir. 2000). However, a petitioner may not file a second, or successive, § 2255 motion without authorization from the Ninth Circuit. 28 U.S.C. § 2255(h). Caver has not obtained authorization from the Ninth Circuit Court of Appeals to proceed on this, current, petition.

Nevertheless, the savings clause of § 2255 allows a petitioner to file a § 2241 petition that attacks the legality of his sentence where the remedy provided by § 2255 would be "inadequate or ineffective to test the legality of his detention." *See Hernandez v. Campbell*, 204 F.3d 861, 864-865 (9th Cir. 2000). A § 2255 motion is inadequate or ineffective where a petitioner makes a claim of actual innocence and has not had an unobstructed procedural shot at presenting that claim. *Alaimalo v. United States*, 645 F.3d 1042, 1047-1048 (9th Cir. 2011). Although Caver sets forth an actual innocence argument, here, he has raised this argument multiple times in prior § 2255

motions. Because Caver had an unobstructed procedural shot to bring his actual innocence claim – and the other claims set forth in this motion – this motion is not subject to the savings clause. *See Alaimalo*, 645 F.3d at 1047-1048. Accordingly, this motion is an unauthorized successive § 2255 motion. *See Harrison*, 519 F.3d at 956. Consequently, this Court lacks jurisdiction to consider it. *See United States v. Patton*, 120 Fed. Appx. 43, 45 (9th Cir. 2005).

Caver's two other motions seek the granting of his *habeas* petition. Accordingly, those motions are, now, moot.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the petition for a writ of *habeas corpus* be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝖔𝖗𝖉𝖊𝖗𝖊𝖉 that Caver's motion for summary judgment [dkt # 13] and motion "requesting the District Court to grant the *habeas corpus* petitioner" [dkt # 25] be, and hereby are, 𝕯𝖊𝖓𝖎𝖊𝖉 as moot.

Date: June 30, 2020

_____
𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊